

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. D. Griffin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. 0-6385
Re: Under facts submitted, has
the Commissioners' Court of
Jim Wells County authority
to employ a person as a
"case worker"?

        Your request for an opinion on the above stated question has been received.

        We quote from your letter as follows:

        "It is my understanding that Jim Wells County
has a population of 20,239 based on the 1940 Federal
Census Report.

        "Possibly less than 27,000,000 assessed valuation at the present time.

        "Has such a County, through its Commissioners'
Court authority to employ a person as a 'CASE WORKER'
where such county has no Relief Organization or
Health Unit created by the Commissioners' Court in
conjunction with the Governing Body of the City of
Alice, its County Seat?

        "The Commissioners' Court has requested an opinion from me on this question and I need some help.

        "It is my opinion that there is no such Statute
in Texas, authorizing the Commissioners' Court of
such Counties as Jim Wells to expend Public funds
of the County for such imaginary position.

        "...."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 18, of Article V of the Constitution of this State, reads in part as follows:

". . . The County Commissioner as chosen, with the county judge, as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

The Supreme Court of Texas, in Bland vs. Orr, 90 Texas 495, construes this provision, a part of which opinion is quoted in Opinion No. O-1919, by this department, as follows:

"The Constitution does not immediately confer jurisdiction upon these (meaning commissioners) courts over the county business and subject that jurisdiction to 'such regulations as the Legislature may prescribe,' nor authority generally over such business. The provision form Section 8 of the instrument (already quoted) prescribes: first, that the commissioners' court shall exercise such powers and jurisdiction over all county business as is conferred by the Constitution. . . . It also gives them such powers as area conferred 'by the laws of the State.' . . ."

As stated in this opinion, it appears to be settled law of this State that the commissioners' court does not have general control over county business, but only such control as is conferred by the Constitution and the laws of this State.

As far as we are able to determine, there is no statutory authority for the commissioners' court to employ a person as a "case worker" under the facts submitted herein.

It is the opinion of this department that the commissioners' court is not authorized to employ a case worker under the facts submitted in your request. We are enclosing a copy of our opinion No. O-1919, a part of which we think is in support of our position taken here.

Honorable L. D. Griffin, page3

Trusting the foregoing answers your request, weare

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Fred C. Chandler
Assistat

FCC:db:fb
ENC

APPROVED JAN 29, 1945
(s) Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY (S) BWB, CHAIRMAN